UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MATTHEW JONES, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:23-CV-00435-JRG-JEM |
| PIGEON FORGE POLICE DEPARTMENT, | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

This matter is before the Court on United States Magistrate Judge Jill E. McCook's Order and Report and Recommendation [Doc. 7] and Plaintiff Matthew Jones' Objections [Doc. 8]. For the reasons herein, the Court will overrule Mr. Jones' objections.

### I. BACKGROUND

In the report and recommendation, Judge McCook summarizes Mr. Jones' allegations as follows:

> Plaintiff names the Pigeon Forge Police Department as a Defendant [Doc. 1 ¶ 2]. At the end of June or the beginning of July 2000, when he was fourteen (14) years old, his aunt "planned scheduled anal rapes and tortures for [him] from the police all along U.S. Route 13 Highway from Delaware to Georgia, to Florida[,] and back to Delaware" [*Id.* ¶ 3]. Plaintiff contends that he was raped/tortured by the Delaware State Police, the Maryland State Police, the Virginia State Police, the Newport News Police, the North Carolina State Highway Patrol, the Jacksonville Police Department, the North Myrtle Beach Chamber of Commerce, the Myrtle Beach Police Department, the Florida Highway Patrol-Troop G, the Tampa Police Department, the Miami Police Department, Andalusia Alabama Police Department, the Covington Alabama Police Department, the Highway Patrol of Mississippi, the local police of Jackson, Mississippi, the Texas Rangers and other local officers, the Arkansas State Police, the City of Pigeon Forge police units, other police officers located in Missouri and West Virginia, and by church members [*Id.* ¶ 3].
> Plaintiff sustained "major losses of blood in all of the rapes[,]" and in order to resurrect him from the dead, "a 250[-]year[-]old tree needed to be converted into medicine as well as the plants that only grow around them" [*Id.* ¶ 4]. He references various statutes, causes of action, doctrines, and the United States Constitution

throughout his Complaint [*Id.* ¶¶ 5–16]. Plaintiff alleges that Defendant acted negligently, violated his First and Eighth Amendment rights, violated 42 U.S.C. § 1983, and committed assault and battery [*Id.* ¶ 17]. He seeks $125,000 in compensatory damages, plus the costs of this action [*Id.* p. 11].

[R&R at 3–4].

Under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), Judge McCook recommends the Court dismiss with prejudice Mr. Jones' claims under § 1983, as well as his supplemental state-law claims, because they are frivolous, are not cognizable claims, and are barred by the applicable statutes of limitations. [*Id.* at 4–7]. Mr. Jones now objects to Judge McCook's recommendation of dismissal.

## II. Legal Standard

When reviewing a magistrate judge's recommendation on a dispositive issue, the Court conducts a de novo review of that recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A magistrate judge's recommendation of dismissal under § 1915(e)(2)(B)(i) and (ii) is dispositive in nature. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437 (6th Cir. 2012) (stating that "[t]he dismissal standard under [§ 1915(e)(2)] is the same standard that this court uses to evaluate dismissals under Federal Rule of Civil Procedure 12(b)(6)"). A de novo review requires the Court "to give fresh consideration" to the issues before it. *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quotation omitted). In doing so, the Court reaches "the ultimate determination of the matter" through its own judicial discretion. *Id.* at 675–66. After its review, it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Analysis

The Court agrees with Judge McCook's conclusion that Mr. Jones' complaint requires dismissal with prejudice. Mr. Jones acknowledges he is mentally ill, "hav[ing] been diagnosed

2

and medicated for schizophrenia," [Pl.'s Objs. at 10], and his objections to Judge McCook's report and recommendation consist of a jumble of inane statements that pick up where his complaint left off. He claims, for instance, that "[e]veryone in the U.S.A. who the police have contacted have been anally raped and, as a result, we all have false teeth," "[t]he police type have no teeth or tooth type," "[t]he rainbow of races of the United States are not dead," "I have had more than 1000 heart attacks," "[e]ach country [on the world map] was drawn in memory of their skin disease," "President Clinton and Vice President Gore . . . . were killed many times while visiting Delaware," and "I was killed by the police." [*Id.* at 1, 2, 6, 10, 11]. Mr. Jones' objections, like the allegations in his complaint, lack any foundation in law or reality.

His objections [Doc. 8] are therefore **OVERRULED**, and the Court **ACCEPTS IN WHOLE** Judge McCook's report and recommendation under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). For the reasons in the report and recommendation, and for the reasons in this memorandum opinion, Mr. Jones' complaint is hereby **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE

3